**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY PETERSON, | No. 10-16168 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00581-PMP-RAM |
| v. | |
| WASHOE COUNTY, DBA Washoe County District Attorney's Office; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted June 13, 2011
San Francisco, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and HAYES, District
Judge.[**]

Amy Peterson appeals from the district court's grant of summary judgment

in favor of Washoe County on her Title VII hostile work environment and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William Q. Hayes, United States District Judge for the District of Southern California, sitting by designation.

retaliation claims. The facts are known to the parties and will not be repeated here except to the extent necessary.

The district court properly granted summary judgment on the hostile work environment claim. Peterson failed to raise a triable issue as to whether she was subjected to conduct that was sufficiently severe or pervasive to alter the terms and conditions of her employment and to create an abusive work environment. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110–11 (9th Cir. 2000).

The district court also properly granted summary judgment on Peterson's retaliation claims. Even assuming, *arguendo*, that Peterson's transfer to the fourth floor was an adverse employment action, she failed to show that she had engaged in any protected activity that was linked causally to her transfer. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001) (per curiam). Although Peterson's termination was an adverse employment action, and she had engaged in protected activity by filing a discrimination charge, she failed to present sufficient evidence of a causal link between these two events. *See id*. at 273. Nor did Peterson raise "specific and substantial" evidence of pretext. *Munoz v. Mabus*, 630 F.3d 856, 865–66 (9th Cir. 2010) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)).

**AFFIRMED.**